UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOSE ALVAREZ,

                              Plaintiff,

                  -against-

CITY OF NEW YORK; Police Officer ELVIS MERIZALDE, Shield No. 26862; Police Officer WILKIS CESPEDES; Shield No. 11572; Lieutenant ALFRED VARGAS; Police Officer MAIRIM MARTINEZ, Shield No. 25835; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**THIRD AMENDED COMPLAINT**

13 CV 6242 (CBA) (VVP)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jose Alvarez ("plaintiff" or "Mr. Alvarez") is a resident of Richmond County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Elvis Merizalde, Shield No. 26862 ("Merizalde"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Merizalde is sued in his individual and official capacities.

9. Defendant Police Officer Wilkes Cespedes, Shield No. 11572 ("Cespedes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cespedes is sued in his individual and official capacities.

10. Defendant Lieutenant Alfred Vargas, ("Vargas"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Vargas is sued in his individual and official capacities.

11. Defendant Police Officer Mairim Martinez, Shield No. 25835 ("Martinez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Martinez is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. During the daylight hours on June 7, 2012, Mr. Alvarez was lawfully in the park attending a family barbeque celebration in the Sunset Park neighborhood of Brooklyn, New York.

16. Defendants aggressively approached Mr. Alvarez and others at the celebration and said, in sum, "we want to see everyone's fucking id's."

17. When Mr. Alvarez asked why he and the others had to produce their identification, a defendant officer, without probable cause or reasonable suspicion to believe he had committed any crime or offense, tightly handcuffed Mr. Alvarez.

18. Defendants maced Mr. Alvarez repeatedly at close range.

19. While Mr. Alvarez was handcuffed defendants assaulted him, including by striking him about his head and arms with closed fists.

20. Plaintiff was eventually taken to the 72nd precinct.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engage in criminal activity.

22. At no point did the officers observe Mr. Alvarez engage in criminal activity.

23. Mr. Alvarez was eventually transferred to Brooklyn Central Booking.

24. After being held in custody for several days, Mr. Alvarez was released from Central Booking without ever seeing a judge.

25. After his release, Mr. Alvarez went to Maimonides Medical Center for treatment for his injuries, including severe pain to his wrists, shoulders and burning to his eyes.

26. Mr. Alvarez suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   April 4, 2014
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*